## In re ESTATE OF HUDSON.

[Cite as *In re Estate of Hudson* (1993), 82 Ohio App.3d 422.]

Court of Appeals of Ohio,
Licking County.

No. 92–CA–78.

Decided Feb. 1, 1993.

*A. Terrance Treneff* and *Donald M. Byrd,* for appellee.

*Mark Sladoje, Jr.,* for appellants.

---

SMART, Presiding Judge.

This is an appeal from a default judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio, entered in favor of plaintiff-appellee Dwight M. Hudson, Sr. ("appellee") and against defendants-appellants Shantay Clark, individually and as executor of the estate of Elvira Hudson, deceased ("appellant").

The record indicates that Elvira Hudson died on May 25, 1988. Appellee is Elvira's surviving spouse. Decedent died with no issue. The probate court named appellee as administrator of the estate. At some point thereafter appellant's counsel presented a photocopy of a will purporting to be the last will of Elvira Hudson. Counsel did not follow through or present an original will at that time. The probate court approved the final accounting in January of 1989, and closed the estate. Appellee, as the only person entitled to take under the laws of descent and distribution, took Elvira Hudson's undivided one-half interest in the real estate. Nearly five months after the filing of the final account, appellant brought suit to vacate the administration of the estate. The trial court overruled that motion. Finally, on August 10, 1990, appellant filed the original will, which had been discovered in the safekeeping files of Franklin County Probate Court, although decedent had never been a resident of Franklin County. The will left nothing to appellee, and left the real estate to appellant.

The trial court admitted this will to probate. The trial court permitted appellee to purchase the real estate, and allowed him certain credits for money expended on behalf of the estate. The probate court also charged all the expenses of the administration to appellant, who shared the estate.

Appellant assigns six errors to the trial court, which because of their length are attached hereto and hereby incorporated herein by reference. (See Appendix.)

## I

■ The trial court struck appellant's inventory, appraisal, and first account from the case because they dealt with matters that had already been discharged. Appellant is not correct in her assertion that the trial court declared that the admission of the will to probate was a nullity. The trial court rather did not void the final accounting of the estate or reopen the

administration of the estate, but merely accepted the will to probate and applied its provisions to the only identifiable asset of the estate left by the time the will is admitted to probate, *i.e.*, the real estate. The trial court recomputed what appellee would take against the will as surviving spouse electing to take under the laws of descent and distribution. It permitted him to elect to purchase the decedent's one-half interest in the real estate, giving him credit for his expenditures on behalf of the estate.

In *In re Estate of Pickett* (June 30, 1988), Mahoning App. No. 87–CA–14, unreported, 1988 WL 70870, the Court of Appeals for Mahoning County reviewed a similar case. The Mahoning County Court of Appeals found that the estate should not be reopened, and that the will acted only to dispose of the issue of heirship. It appears that the probate court in the instant case attempted to do so in this case.

The first assignment of error is overruled.

## II

R.C. 2117.06, as in effect on March 25, 1988, provided that all claims against an estate be presented within three months of the appointment of the administrator. It is undisputed that the creditors, here decedent's sister, had actual notice of the decedent's death and that the probate court had appointed appellee administrator. The admission of the will to probate so long after the final administration had been approved cannot restart the time for presentation of charges against the estate in this situation. See *In re Estate of Young* (1963), 174 Ohio St. 516, 23 O.O.2d 149, 190 N.E.2d 273.

The second assignment of error is overruled.

## III and IV

Appellee paid all the taxes on the real estate after the time of decedent's death. The decedent died owning a undivided one-half interest in the real estate. Her surviving spouse, appellee, owned the remaining undivided one-half interest. The will devised decedent's interest to appellant. Once the will came to light, appellee elected to take against the will, and was therefore entitled to one-half of decedent's interest, that is, one-quarter of the fee. Appellant is entitled to the remaining one-quarter of the fee. Appellant would also be responsible for the real estate taxes on her one-fourth interest in the fee.

At the time that appellee paid all the taxes, he did not know that he was not responsible for one-quarter of those taxes. Because appellee had no notice at

the time he did so that he was not paying his own obligation, equity requires that he be given credit for those payments made on behalf of appellant.

■■ Likewise, appellee made no demand for his year's allowance pursuant to R.C. 2117.20, simply because he had no notice that he should do so. At the time, he was the administrator of decedent's estate. The allowance to the surviving spouse is payable as a preferred claim against the estate, before distribution. The probate court properly allowed these as credits for appellee's purchase of the real estate. The third and fourth assignments of error are overruled.

### V

■■ Appellee points out that the difficulties generated by this "missing will" were not his doing, but rather in whole or part due to appellant and her counsel's actions, as well as to decedent's actions in concealing her will. The probate court had the authority to assess the costs as it deemed appropriate, given the unusual sequence of events.

The fifth assignment of error is overruled.

### VI

For the reasons stated in numbers I through V *supra*, we find that the judgment is not contrary to law.

The sixth assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio, is affirmed.

*Judgment affirmed.*

MILLIGAN and GWIN, JJ., concur.

### Appendix

### Assignments of Error

"Assignment of Error Number 1:

"The court erred in declaring that the admission of the will to probate and the administration of the estate by the named executor therein is not necessary and a nullity as a complete administration of the estate had taken place and a final account filed on January 26, 1989 and approved.

"Assignment of Error Number 2:

"The court erred in determining that no claim of any creditor should be allowed to be presented to the current executor as more than three (3) months

has expired since the appointment of the prior administrator and more than one (1) year has passed since the date of death of the decedent.

"Assignment of Error Number 3:

"The court erred in allowing as credits against the purchase of the real estate by the surviving spouse, the real estate taxes paid since the date of death and taxes to be assessed and levied against the real estate subsequent to decedent's death.

"Assignment of Error Number 4:

"The court erred in permitting the surviving spouse to elect to take the real estate at the appraised value with credits for the costs advanced and years' allowance contrary to Section 2105.62, (now 2106.10[B]), Revised Code.

"Assignment of Error Number 5:

"The court erred in assessing all costs of administration under the current administration against the interest passing to the defendant, Shantay S. Clark, including the costs of this action.

"Assignment of Error Number 6:

"The judgment is contrary to law."